1

2

3

4

5

6

7

8                       IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10   HULEN T. HARRELL,

11           Plaintiff,                        No. CIV S-04-1968 RRB DAD P

12       vs.

13   P.D. PALMER, et al.,

14           Defendants.                       ORDER

15   _____/

16           Plaintiff, a state prisoner proceeding pro se, has filed a complaint seeking relief

17   under 42 U.S.C. § 1983, together with a request for leave to proceed in forma pauperis pursuant

18   to 28 U.S.C. § 1915.  This proceeding was referred to the undersigned magistrate judge in

19   accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

20           Plaintiff's application to proceed in forma pauperis makes the showing required

21   by 28 U.S.C. § 1915(a).  Plaintiff's request for leave to proceed in forma pauperis will therefore

22   be granted.

23           Plaintiff is required to pay the statutory filing fee of $150.00 for this action.  See

24   28 U.S.C. §§ 1914(a) (prior to amendments effective in 2005) and 1915(b)(1).  An initial partial

25   filing fee of $4.80 will be assessed by this order.  See 28 U.S.C. § 1915(b)(1).  By separate order,

26   the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's

1

1  trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for

2  monthly payments of twenty percent of the preceding month's income credited to his prison trust

3  account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court

4  each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  See

5  28 U.S.C. § 1915(b)(2).

6          The court is required to screen complaints brought by prisoners seeking relief

7  against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.

8  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

9  claims that are legally "frivolous or malicious," fail to state a claim upon which relief may be

10  granted, or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

11  § 1915A(b)(1) and (2).

12          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

13  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

14  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

15  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

16  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

17  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

18  Cir. 1989); Franklin, 745 F.2d at 1227.

19          A complaint, or portion thereof, should be dismissed for failure to state a claim

20  upon which relief may be granted only if it appears beyond doubt that plaintiff can prove no set

21  of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &

22  Spalding, 467 U.S. 69, 73 (1984); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289,

23  1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court accepts as true the

24  allegations of the complaint.  See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740

25  (1976).  The court also construes the pleading in the light most favorable to the plaintiff and

26  resolves all doubts in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

1    The Civil Rights Act under which this action was filed provides as follows:

2    Every person who, under color of [state law] . . . subjects, or causes
     to be subjected, any citizen of the United States . . . to the
3    deprivation of any rights, privileges, or immunities secured by the
     Constitution . . . shall be liable to the party injured in an action at
4    law, suit in equity, or other proper proceeding for redress.

5    42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

6    actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

7    Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

8    (1976).

9         "A person 'subjects' another to the deprivation of a constitutional right, within the

10   meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

11   omits to perform an act which he is legally required to do that causes the deprivation of which

12   complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Supervisory

13   personnel are generally not liable under § 1983 for the actions of their employees under a theory

14   of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the

15   causal link between him and the claimed constitutional violation must be specifically alleged.

16   See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441

17   (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official

18   personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d

19   266, 268 (9th Cir. 1982).

20        In the present case, plaintiff has sued ten named prison officials and one mail

21   room sergeant identified as John Doe.  The majority of the defendants are employed at Folsom

22   State Prison, although at least one defendant is employed at California State Prison-Solano.

23   Plaintiff's claims arise from a housing reassignment at Folsom in 2004, which was followed

24   several months later by a transfer from Folsom to CSP-Solano.  Also at issue are several appeals

25   filed by plaintiff concerning these events.  Although plaintiff claims the effect of the

26   reassignment was racially discriminatory against him, the facts alleged by plaintiff reflect that the

1    discriminatory effect was the result of a mistake made by defendant Palmer.  Plaintiff alleges due

2    process violations with regard to a classification hearing, but the alleged violations arose from

3    state law rules rather than federal due process requirements.  Plaintiff alleges that one defendant

4    shouted at him and showed him verbal disrespect and hostility.  Plaintiff complains that after he

5    arrived at CSP-Solano he was not housed properly during the first two weeks, causing him to

6    suffer stress and sleep deprivation.  Plaintiff also complains of the way his appeals were

7    processed.  By way of relief, plaintiff seeks an order requiring the CDC to reinstate an inmate

8    appeal that plaintiff withdrew when one of the defendants implied that plaintiff would be

9    reassigned back to his original unit at Folsom if the appeal were withdrawn.

10            An inmate does not have a constitutional right to be housed at a particular

11   institution or to be transferred, or not transferred, from one facility to another.  Olim v.

12   Wakinekona, 461 U.S. 238, 244-48 (1983); Meachum v. Fano, 427 U.S. 215, 224-25 (1976);

13   Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam).  Nor does an inmate have a

14   right to a particular classification.  Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); Hernandez v.

15   Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987).  Thus, alleged deprivations of rights caused by

16   prison officials' housing and classification decisions do not give rise to a federal constitutional

17   claim encompassed by the protection of liberty and property guaranteed by the Fifth and

18   Fourteenth Amendments.  See Board of Regents v. Roth, 408 U.S. 564, 569 (1972).

19            Under certain circumstances, state statutes and regulations may give rise to a

20   liberty interest protected by the Fifth and Fourteenth Amendments.  However, such protection

21   may be accorded only where the liberty interest concerns freedom from a restraint that "imposes

22   atypical and significant hardship on the inmate in relation to the ordinary incidents of prison

23   life."  Sandin v. Conner, 515 U.S. 472, 483 (1995).  When state regulations create a protected

24   liberty interest, inmates have no federal constitutional right to the particular procedures

25   established by state law.  See Toussaint v. McCarthy, 801 F.2d 1080, 1096-97 (9th Cir. 1986).

26   /////

4

1       The Eighth Amendment imposes on prison officials a duty to provide humane

2   conditions of confinement.  Wilson v. Seiter, 501 U.S. 294, 303 (1991); Hudson v. Palmer, 468

3   U.S. 517, 526-27 (1984).  While the "unnecessary and wanton infliction of pain" constitutes

4   cruel and unusual punishment, "[i]t is obduracy and wantonness, not inadvertence or error in

5   good faith," that characterize the forbidden conduct.  Whitley v. Albers, 475 U.S. 312, 319

6   (1986).  To state an Eighth Amendment violation, the plaintiff must allege facts showing that

7   objectively he suffered a sufficiently serious deprivation at the hands of a defendant and that

8   subjectively the defendant had a culpable state of mind in causing the deprivation to occur.

9   Wilson, 501 U.S. at 298-99.  Mere verbal abuse and disrespect do not violate the Eighth

10  Amendment proscription against cruel and unusual punishment.  Gaut v. Sunn, 810 F.2d 923,

11  925 (9th Cir. 1987); Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).

12      The facts alleged by the plaintiff in this case do not demonstrate that any

13  defendant violated his rights to due process or equal protection or that any defendant subjected

14  plaintiff to a sufficiently serious deprivation of the right to humane conditions of confinement.

15  After careful consideration of plaintiff's complaint, the court finds that plaintiff has failed to state

16  any federal claim upon which relief can be granted.  Plaintiff's complaint must therefore be

17  dismissed.  The court will, however, grant leave to file an amended complaint.

18      In his amended complaint, plaintiff must demonstrate how the acts complained of

19  resulted in a deprivation of one or more of plaintiff's federal constitutional rights.  See Ellis v.

20  Cassidy, 625 F.2d 227 (9th Cir. 1980).  The amended complaint must allege in specific terms

21  how each named defendant was involved with the deprivation of such rights.  There can be no

22  liability under 42 U.S.C. § 1983 unless there is some affirmative link between a defendant's

23  actions and the claimed deprivation.  May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);

24  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

25      Plaintiff is informed that the court will not refer to his prior pleading in order to

26  make the amended complaint complete.  Local Rule 15-220 requires that every amended

1 complaint be complete in itself without reference to prior pleadings.  The amended complaint

2 will supersede the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

3 Therefore, in an amended complaint, as if it were the original complaint filed in this case, each

4 claim and the involvement of each defendant must be sufficiently alleged.

5          In accordance with the above, IT IS HEREBY ORDERED that:

6          1.  Plaintiff's September 22, 2004 application to proceed in forma pauperis is

7 granted.

8          2.  Plaintiff is obligated to pay the statutory filing fee of $150.00 for this action.

9 Plaintiff is assessed an initial partial filing fee of $4.80.  All fees shall be collected and paid in

10 accordance with this court's order to the Director of the California Department of Corrections

11 filed concurrently herewith.

12          3.  Plaintiff's complaint is dismissed with leave to amend.

13          4.  Plaintiff is granted thirty days from the date of this order to file an amended

14 complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

15 Procedure, and the Local Rules of Practice; plaintiff's amended complaint must bear the case

16 number assigned to this case and must be labeled "Amended Complaint"; failure to file an

17 amended complaint in accordance with this order will result in a recommendation that this action

18 be dismissed without prejudice.

19 DATED: December 19, 2005.

20

21 DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

22 DAD:13
harr1968.14

23

24

25

26