IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HULEN T. HARRELL,

    Plaintiff,                    No. CIV S-04-1968 RRB DAD P

    vs.

P.D. PALMER, et al.,

    Defendants.              <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed December 19, 2005, plaintiff's complaint was dismissed and leave to file an amended complaint was granted. Plaintiff has subsequently filed two amended complaints. The court will proceed in this action on plaintiff's most recently filed amended complaint (Doc. No. 12).

        In his amended complaint plaintiff has named the following defendants: Captain Palmer, Lieutenant Popovich, Lieutenant Adams, H. Macias, Counselor Graham, D.H. Tobia, Warden Knowles, C.S.R. Representative P. Wardlow, Sergeant Romano, and Chief Deputy Director Richard A. Rimmer. The subject matter of plaintiff's complaint has been summarized by the court in its prior screening order, remains unchanged and will not be addressed again here. The court does find that plaintiff's amended complaint appears to state a cognizable equal

1

protection claim against defendant Palmer.  If the allegations of the amended complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action.

The court also finds that plaintiff's amended complaint fails to state a cognizable claim against defendants Popovich, Adams, Macias, Graham, Tobia, Knowles, Wardlow, Romano, and Rimmer.  In its previous order the court advised plaintiff that in an amended complaint he had to allege facts demonstrating how the acts complained of resulted in a deprivation of one or more of his federal constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The facts alleged by plaintiff in his amended complaint do not suggest that any of these defendants violated his rights to due process or equal protection or that any of the named defendant subjected plaintiff to a sufficiently serious deprivation to deny him his right to humane conditions of confinement.

Accordingly, IT IS HEREBY ORDERED that:

1. Service of the amended complaint is appropriate for defendant Palmer.

2. The Clerk of the Court shall send plaintiff one USM-285 form, one summons, an instruction sheet, and a copy of the amended complaint filed January 31, 2006.

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit all of the following documents to the court at the same time:

   a. The completed, signed Notice of Submission of Documents;
   b. One completed summons;
   c. One completed USM-285 form for each defendant listed in number 1 above; and
   d. Two copies of the amended complaint filed January 31, 2006.

4. Plaintiff shall not attempt to effect service of the complaint on the defendant or request a waiver of service of summons from the defendant.  Upon receipt of the above-described

/////

documents, the court will direct the United States Marshal to serve the above-named defendant pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

DATED: March 13, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
harr1968.1am

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HULEN T. HARRELL,

      Plaintiff,                  No. CIV S-04-1968 RRB DAD P

   vs.

P.D. PALMER, et al.,          NOTICE OF SUBMISSION

      Defendants.          OF DOCUMENTS

_____/

      Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

      ____ <u>one</u> completed summons form;

      ____ <u>one</u> completed USM-285 form; and

      ____ <u>two</u> true and exact copies of the amended complaint filed January 31, 2006.

DATED: _____.

                                                   _____
                                                   Plaintiff