IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HULEN T. HARRELL,

    Plaintiff,                         No. CIV S-04-1968 JAM DAD P

    vs.

P.D. PALMER, et al.,

    Defendants.                     ORDER

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. Several motions are pending before the court.

        First, plaintiff has filed a renewed motion for an extension of time to file a response to defendant Palmer's answer, together with a request for appointment of an expert to take the defendant's deposition. As the court previously advised plaintiff, a response to the defendant's answer is neither necessary nor proper. In addition, plaintiff is advised that the expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress. See Tedder v. Odel, 890 F.2d 210 (9th Cir. 1989). The in forma pauperis statute does not authorize the expenditure of public funds for an expert to take the defendant's deposition. See 28 U.S.C. § 1915.

/////

1

To the extent that plaintiff is requesting appointment of counsel to take the defendant's deposition, he is advised that the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986); <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances.

Second, defendant Palmer has filed a motion to compel plaintiff's deposition, together with a request for monetary sanctions. According to defense counsel, on May 22, 2009, defendant Palmer noticed plaintiff's deposition for June 22, 2009. On June 22, 2009, when defense counsel attempted to take plaintiff's deposition plaintiff refused to cooperate or give his deposition. He stated that he would not participate in a deposition absent a court order specifically requiring him to do so. Defense counsel notes that the defendant has incurred $1851.80 associated with the costs of attempting to take plaintiff's deposition.

Plaintiff has opposed defendant's motion and has filed two motions for a protective order relieving him of participating in a deposition. Plaintiff alleges that his participation in a deposition in this "high profile civil litigation" could provoke prison officials to engage in acts of retaliation against him. He proposes that the parties engage in written discovery instead and that the court issue an order prohibiting potential prison staff retaliation.

1   On March 26, 2009, this court issued a discovery order. Under the order, defendant Palmer is allowed to depose plaintiff provided he gives plaintiff at least fourteen days notice in accordance with Rule 30(b)(1) of the Federal Rules of Civil Procedure. Here, it is undisputed that defendant Palmer provided plaintiff with sufficient notice of his deposition. However, plaintiff refused to participate in the deposition when defense counsel arrived at the prison. The undersigned has the authority under Local Rule 73-302(c)(1) to order plaintiff to submit to a deposition. Accordingly, the court will order plaintiff to cooperate with defense counsel in the taking of his deposition. Any further refusal on plaintiff's part to cooperate in the taking of his deposition will result in a recommendation for dismissal of this action.

Although the court has broad discretion to impose sanctions pursuant to Rule 37, the court finds that defendant Palmer's request for monetary sanctions is premature under the current circumstances. Plaintiff is an inmate proceeding pro se and in forma pauperis. Although plaintiff's inability to pay should not be the only reason for the court's denial of monetary sanctions, it can be considered. Warren v. Guelker, 29 F.3d 1386, 1390 (9th Cir. 1994). Defendant Palmer's request for sanctions will therefore be denied without prejudice to a renewed motion for monetary sanctions should plaintiff continue to fail to cooperate in the taking of his deposition.

Finally, plaintiff has not established good cause for a protective order in this case. Fed. R. Civ. P. 26(c). Plaintiff's vague and conclusory allegations regarding potential retaliation by prison officials are too speculative to warrant relief. If plaintiff believes prison officials are engaging in misconduct, he should file an administrative grievance at his institution. See Cal. Code Regs. tit. 15, § 3084.1(a) (prisoners may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare.").

/////

/////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's May 4, 2009 renewed motion for an extension of time to file a response to defendant Palmer's answer (Doc. No. 42) is denied;

2. Plaintiff's May 4, 2009 motion for appointment of an expert (Doc. No. 42) is denied;

3. Defendant's July 10, 2009 motion to compel (Doc. No. 44) is granted. Plaintiff shall participate in his deposition on the date and time to be noticed by defendant Palmer within thirty days of the date of this order. Any refusal by plaintiff to cooperate in the taking of his deposition will result in a recommendation for dismissal of this action;

4. Defendant's July 10, 2009 request for monetary sanctions (Doc. No. 44) is denied without prejudice; and

5. Plaintiff's June 30, 2009 and July 13, 2009 motions for a protective order (Doc. Nos. 43 & 45) are denied.

DATED: August 20, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
harr1968.depo