IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HULEN T. HARRELL,

        Plaintiff,                   No. CIV S-04-1968 JAM DAD P

    vs.

P.D. PALMER, et al.,

        Defendants.             <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. Pending before the court is defendant Palmer's motion for sanctions. Also pending before the court is plaintiff's motion for a court-ordered telephonic conference between the parties.

**DEFENDANT PALMER'S MOTION FOR SANCTIONS**

I. <u>The Parties' Arguments</u>

        In defendant's motion for terminating and monetary sanctions, counsel on behalf of defendant Palmer argues that plaintiff has failed to comply with legitimate discovery requests. Specifically, defense counsel argues that, on June 22, 2009, he attempted to take plaintiff's deposition, but plaintiff refused to give his deposition. Defense counsel then filed a motion to compel plaintiff's deposition, which this court granted. In the same order, the court denied

1

plaintiff's motion for a protective order that sought to restrict the defendant from taking his deposition. On August 21, 2009, defense counsel re-noticed the deposition for September 18, 2009. However, plaintiff refused to submit to the deposition once more. In defense counsel's view, plaintiff's continued demonstration of bad faith, litigation gamesmanship, and failure to cooperate in his own lawsuit are grounds for terminating sanctions and monetary sanctions. (Def.'s Mot. at 1-5 & Exs. A-C.)

In a late-filed opposition to defendant's motion for sanctions, plaintiff argues that defense counsel should present his reimbursement request for costs to the California Department of Corrections and Rehabilitation. He further argues that defense counsel exceeded his authority in incurring the expenses in connection with his second deposition attempt. Finally, plaintiff argues that he has late-filed his opposition because "the library last Firday [sic] was closed and before then was also closed." (Pl.'s Opp'n to Def.'s Mot. at 1-2.)

In reply, defense counsel argues that, even though the court granted plaintiff two extensions of time to file his opposition to defendant's motion for sanctions, plaintiff's opposition is untimely and should be stricken. Moreover, counsel argues that plaintiff's opposition fails to directly oppose defendant's motion for sanctions. (Def.'s Reply at 1-6.)

II. Discussion

Under the court's March 26, 2009 discovery order, defendant Palmer is allowed to depose plaintiff provided he provides plaintiff at least fourteen days notice of the deposition in accordance with Rule 30(b)(1) of the Federal Rules of Civil Procedure. The record in this case demonstrates that, on April 29, 2009, defendant Palmer noticed plaintiff's deposition for June 22, 2009. However, when defense counsel attempted to take his deposition plaintiff refused to submit to deposition. Defendant Palmer then filed a motion to compel plaintiff's participation in a deposition, which this court granted on August 20, 2009. Subsequently, defendant Palmer re-noticed plaintiff's deposition for September 18, 2009. However, when defense counsel attempted to take the deposition, plaintiff again refused to cooperate or to submit to deposition.

As defense counsel observes, plaintiff's opposition to defendant's motion for sanctions does not directly address defense counsel's argument in support of his motion for sanctions. For example, plaintiff does not explain why he refused to participate in his deposition a second time or why this court should not grant defense counsel's motion for sanctions. The court has, however, reviewed the brief deposition transcript defense counsel has submitted with the pending motion including the exchange that took place between the parties during what was supposed to be plaintiff's scheduled deposition. According to the transcript, plaintiff objected to the deposition on the ground that the undersigned's order requiring him to participate in his deposition was not final because he had filed a motion for reconsideration of the order.

Under Local Rule 303, "Rulings by Magistrate Judges . . . shall be final if no reconsideration thereof is sought from the Court within fourteen (14) days. . . ." As noted above, on August 20, 2009, the court granted defendant's motion to compel and ordered plaintiff to participate in his deposition. Under the mailbox rule, on August 28, 2009, plaintiff filed and served a motion for reconsideration of the undersigned's order. Although the assigned district judge affirmed the undersigned's order, under these circumstances, the court will deny defendant's motion for sanctions without prejudice at this time. In addition, however, the court will order plaintiff to cooperate with defense counsel in the taking of his deposition in accordance with the undersigned's August 20, 2009 order and the assigned district judge's September 29, 2009 order, denying plaintiff's motion for reconsideration. The court strongly cautions plaintiff that any further refusal on his part to cooperate in the taking of his deposition will be viewed by this court as dilatory and will result in a recommendation that this action be dismissed. Plaintiff is reminded that he filed this civil rights action and has a duty to diligently prosecute this case in good faith.

/////
/////
/////

**PLAINTIFF'S MOTION FOR A TELEPHONIC CONFERENCE**

I. <u>Plaintiff's Motion</u>

In plaintiff's motion for a court-ordered telephonic conference between the parties, he claims that he personally served defense counsel with a set of interrogatories when counsel arrived at CSP-Solano in his second attempt to take plaintiff's deposition. According to plaintiff, he has not yet received defendant's responses thereto. Plaintiff requests a court ordered telephonic-conference in order to comply with the Local Rules and the meet and confer requirement for discovery disputes. (Pl.'s Mot. at 1-2.) Defendant Palmer has not opposed or otherwise responded to plaintiff's motion.

II. <u>Discussion</u>

Under the court's March 26, 2009 discovery order, Local Rule 251 does not apply to this case, and the parties are not required to meet or confer regarding any alleged discovery disagreements. Accordingly, the court will deny plaintiff's motion for a court-ordered telephonic conference as unnecessary. In the event that plaintiff has not received a timely response to his discovery requests or is otherwise dissatisfied with the defendant's responses thereto, he may file a motion to compel. He is advised, however, that as the moving party he will have the burden of informing the court which discovery requests are the subject of his motion to compel, which of the defendant's responses are disputed, why he believes the defendant's responses are deficient, why the defendant's objections are not justified, and why the information he seeks through discovery is relevant to the prosecution of this action. <u>See, e.g.</u>, <u>Brooks v. Alameida</u>, No. CIV S-03-2343 JAM EFB P, 2009 WL 331358 at *2 (E.D. Cal. Feb. 10, 2009) ("Without knowing which responses plaintiff seeks to compel or on what grounds, the court cannot grant plaintiff's motion."); <u>Ellis v. Cambra</u>, No. CIV F-02-5646 AWI SMS PC, 2008 WL 860523 at *4 (E.D. Cal. Mar. 27, 2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the court why the information sought is relevant and why Defendant's objections are not justified.").

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Defendant's motion for sanctions (Doc. No. 52) is denied without prejudice;

2. Plaintiff shall participate in his deposition on the date and time to be noticed by defendant Palmer within forty-five days of the date of this order. Any refusal by plaintiff to cooperate in the taking of his deposition will result in a recommendation for dismissal of this action; and

3. Plaintiff's motion for a telephonic-conference (Doc. No. 55) is denied as unnecessary.

DATED: February 26, 2010.

DAD:9
harr1968.sancs

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE