IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HULEN T. HARRELL,

    Plaintiff,                      No. CIV S-04-1968 JAM DAD P

vs.

P.D. PALMER, et al.,

    Defendants.                <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. Pending before the is court plaintiff's motion for certification of an interlocutory appeal of the undersigned's September 29, 2009, order denying his motion for reconsideration.

**BACKGROUND**

        On July 17, 2009, defendant Palmer filed a motion to compel plaintiff's deposition. On August 20, 2009, the assigned magistrate judge found that it was undisputed that defendant Palmer had provided plaintiff with sufficient notice of his deposition, but plaintiff refused to participate in the deposition when defense counsel arrived at the prison. The magistrate judge granted defendant's motion to compel and ordered plaintiff to submit to a deposition. In the same order, the magistrate judge denied plaintiff's motion for a protective

1

order as well as his request for appointment of an expert to take the defendant's deposition. Under the mailbox rule, on August 28, 2009, plaintiff filed and served a motion for reconsideration of the magistrate judge's order.  On September 29, 2009, this court denied plaintiff's motion and affirmed the magistrate judge's order.

## DISCUSSION

Under 28 U.S.C. § 1292(b):

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.  The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after entry of the order: *Provided, however*, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.  (emphasis in original)

Certification of an interlocutory appeal requires that: "(1) there is a controlling question of law, (2) that there are substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation." In re Cement Antitrust Litigation, 673 F.2d 1020, 1026 (9th Cir. 1982) (en banc).

Interlocutory appeals pursuant to § 1292(b) are reserved for exceptional circumstances.  In this case, the court finds no controlling question of law at issue.  See In re Cement Antitrust Litigation, 673 F.2d at 1026 (questions of law appropriate for interlocutory appeal include "the determination of who are necessary and proper parties, whether a court to which a cause has been transferred has jurisdiction, or whether state or federal should be applied.").  In addition, the court finds no substantial grounds for a difference of opinion or conflicting bodies of law with respect to whether plaintiff should be required to submit to a deposition or any of his other discovery-related contentions.  Nor has plaintiff identified any such split authority.  Finally, the court finds an immediate appeal of this court's order would not

advance the ultimate termination of this litigation.  Id. ("the legislative history of 1292(b) indicates that [this] section was to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation.").  In fact, an interlocutory appeal would further prevent the prompt and efficient resolution of this case.  Accordingly, the court will deny plaintiff's motion for certification of an interlocutory appeal.

Plaintiff has also filed two requests for judicial notice in connection with his motion for certification of an interlocutory appeal.  First, plaintiff has filed a motion for judicial notice of the law library schedule at CSP-Solano and notes that he could not have filed his motion for interlocutory appeal any sooner because of law library closures.  Plaintiff also seeks that judicial notice be taken of various documents filed in this case.  In light of the court's discussion on the merits of plaintiff's motion, the court will deny his requests for judicial notice as unnecessary.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for certification of an interlocutory appeal (Doc. No. 54) is denied; and

2. Plaintiff's requests for judicial notice (Doc. Nos. 53 & 54) are denied.

DATED: March 2, 2010

/s/ John A. Mendez
UNITED STATES DISTRICT JUDGE