1
2
3
4
5
6
7
8                IN THE UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10   HULEN T. HARRELL,

11          Plaintiff,                    No. CIV S-04-1968 JAM DAD P

12      vs.

13   P.D. PALMER, et al.,

14          Defendants.             FINDINGS & RECOMMENDATIONS

15   _____/

16          Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action

17   filed pursuant to 42 U.S.C. § 1983.  Pending before the court is defendant's renewed request for

18   terminating and monetary sanctions.

19                          **BACKGROUND**

20          On April 29, 2009, defendant Palmer noticed plaintiff's deposition for June 22,

21   2009.  When plaintiff refused to submit to the deposition, on July 10, 2009 defense counsel filed

22   a motion to compel plaintiff's participation in the deposition.  (Doc. No. 44.)  By order filed

23   August 20, 2009, the court granted defendant's motion to compel, and plaintiff's deposition was

24   re-noticed for September 18, 2009.  (Doc. No. 49.)  However, when defense counsel attempted to

25   take plaintiff's deposition at that time, plaintiff refused to participate once again.  According to

26   the brief deposition transcript, plaintiff objected to the deposition on the ground that the court's

1

1  August 20, 2009 order requiring him to participate in the deposition was not final because he had

2  filed a motion for reconsideration of the order.  (See Doc. No. 50.)

3          On September 29, 2009, the assigned district judge denied plaintiff's motion for

4  reconsideration.  (Doc. No. 51.)  On October 15, 2009, defense counsel filed a motion for

5  terminating sanctions based upon plaintiff's failure to submit to a deposition.  (Doc. No. 52.)  By

6  order filed February 26, 2010, the court denied defendant's motion without prejudice, but again

7  ordered plaintiff to cooperate in the taking of his deposition by defense counsel.  (Doc. No. 62.)

8  Moreover, the court strongly cautioned plaintiff that any further refusal to cooperate with defense

9  counsel in the taking of his deposition would be viewed as dilatory and would result in a

10  recommendation that this action be dismissed.  (Id.)

11          On March 3, 2010, the assigned district judge issued an order denying plaintiff's

12  motion for certification of an interlocutory appeal filed October 16, 2009.  (Doc. Nos. 54 & 64.)

13  In this regard, the assigned district judge found no controlling question of law at issue and no

14  substantial grounds for a difference of opinion as to whether plaintiff should be required to

15  submit to a deposition.

16          Defendant's counsel once again noticed plaintiff's deposition, this time for April

17  20, 2010.  Despite the court's orders requiring plaintiff to cooperate with defense counsel in the

18  taking of his deposition, on March 11, 2010 plaintiff filed a notice with the court indicating his

19  intent to once again refuse to participate in the scheduled deposition.  (Doc. No. 66.)

20  Accordingly, on March 16, 2010, defense counsel filed the pending renewed motion for

21  terminating and monetary sanctions.  Defense counsel also re-noticed plaintiff's deposition for a

22  fourth time, this time for May 18, 2010.  On May 6, 2010, plaintiff filed yet another notice with

23  the court, declaring his refusal to participate in the scheduled deposition.  (Doc. No. 70.)

24  /////

25  /////

26  /////

2

**DEFENDANT PALMER'S RENEWED MOTION FOR SANCTIONS**

I.  Defendant's Motion

 In defendant's renewed motion for terminating and monetary sanctions, defense counsel argues that plaintiff continues to refuse to be deposed, despite multiple court orders requiring him to do so.  Moreover, defense counsel maintains that counsel has incurred unnecessary costs in attempting to obtain plaintiff's deposition.  Accordingly, defense counsel argues that plaintiff's bad faith in repeatedly refusing to submit to deposition warrants terminating sanctions and either full or partial reimbursement of the $3,416.83 in costs incurred as a result of his conduct.  (Def.'s Mem. of P. & A. at 1-5, Exs. A & B.)

II.  Plaintiff's Opposition

 In his opposition to the pending motion, plaintiff argues that defendant's request to depose him is "merely a wasteful procedure engaged in by [defendant] to delay trial."  (Pl.'s Opp'n at 2.)  Plaintiff contends that the information defendant seeks can be obtained through "more convenient and less expensive method[s]" and that his deposition should therefore not be taken and the motion for sanctions should be denied.  (Id.)

III.  Defendant's Reply

 In reply, defense counsel dismisses plaintiff's argument that other discovery methods should be employed to obtain information from plaintiff.  Defense counsel also reiterates that plaintiff's repeated failure to participate in his deposition should result in the dismissal of this action.  (Def.'s Reply at 1-2.)

 On May 26, 2010, defense counsel filed a supplemental declaration in support of defendant's renewed motion for terminating and monetary sanctions.  Therein, defense counsel details her most recent attempt to depose plaintiff.  According to defense counsel, on May 18, 2010, counsel received a call from the Litigation Coordinator at California State Prison Solano, who stated that plaintiff had changed his mind and had agreed to attend his deposition.  Accordingly, counsel arranged to depose plaintiff by video-conferencing later that morning.

1  However, when plaintiff appeared at that time, he expressed his displeasure that the deposition

2  was not to be conducted in-person and refused to participate.  (Def.'s Suppl. Decl. in Support of

3  Renewed Mot. for Term. Sanc. at 1-2.)

4           In an effort to further accommodate plaintiff, defense counsel then sought to

5  schedule plaintiff's deposition at the prison later that day and traveled to the institution for that

6  purpose.  Prison officials confirmed that plaintiff would participate in the face-to-face deposition.

7  Nevertheless, when counsel arrived at the prison and was waiting for plaintiff to appear, prison

8  officials explained to counsel that plaintiff had refused to leave his cell to attend the deposition.

9  (Def.'s Suppl. Decl. in Support of Renewed Mot. for Term. Sanc. at 2-3, Ex. A.)

10  IV.  Plaintiff's Response

11           On June 14, 2010, plaintiff requested the court to strike defendant's supplemental

12  declaration.  Plaintiff argues in this regard that defendant's declaration violates Rule 15 of the

13  Federal Rules of Civil Procedure.  In addition, plaintiff appears to challenge defendant's request

14  for monetary sanctions.  Plaintiff contends that he timely notified defense counsel that he would

15  not participate in his deposition on May 18, 2010.  According to plaintiff, any costs incurred by

16  defense counsel in association with that deposition was unnecessary and not due to his actions.

17  (Pl.'s Opp'n to Def.'s Mot. to Modify the Scheduling Order at 1-3.[1])

18  VI.  Defendant's Response

19           On June 21, 2010, defense counsel responded to plaintiff's request to strike her

20  supplemental declaration, arguing that plaintiff misunderstands counsel's request for monetary

21  sanctions.  Counsel asserts that she is not seeking reimbursement for the unsuccessful May 18,

22  2010 deposition, but rather for her previous unsuccessful attempts to depose plaintiff.  In

23  addition, counsel contends that even defendants were seeking to recover the costs associated with

24

25           [1] On May 17, 2010, defendant filed a motion to modify the scheduling order in this case.
    (Doc. No. 72.)  Plaintiff's request to strike defendant's supplemental declaration and his

26  arguments against the imposition of monetary sanctions is contained in his opposition to that
    motion filed by defendant.  (Doc. No. 74.)

1  the unsuccessful attempt to depose plaintiff on May 18, 2010, such a request would be justified.

2  According to counsel, plaintiff reneged on his promise that he would attend his deposition twice

3  that day.  (Def.'s Reply to Pl.'s Opp'n to Def.'s Mot. to Modify the Scheduling Order at 2-3.[2])

4  **LEGAL STANDARDS**

5  Federal Rule of Civil Procedure 37 permits the court, in its discretion, to dismiss

6  the action of a party who fails to comply with an order compelling discovery.  Fed. R. Civ. P.

7  37(b).  In determining whether to impose terminating sanctions, the court must weigh the

8  following five factors:

> (1) the public's interest in expeditious resolution of litigation; (2)
> the court's need to manage its dockets; (3) the risk of prejudice to
> the party seeking sanctions; (4) the public policy favoring
> disposition of cases on their merits; and (5) the availability of less
> drastic sanctions.  The sub-parts of the fifth factor are whether the
> court has considered lesser sanctions, whether it tried them, and
> whether it warned the recalcitrant party about the possibility of
> case-dispositive sanctions.

14  Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007)

15  (footnotes omitted).  In addition, terminating sanctions should only be imposed when the party's

16  noncompliance with a discovery order is "due to willfulness, fault, or bad faith."  Computer Task

17  Group v. Brotby, 364 F.3d 1112, 1115 (9th Cir. 2004) (quoting Payne v. Exxon Corp., 121 F.3d

18  503, 507 (9th Cir. 1997)).

19  **ANALYSIS**

20  Here, having considered the five factors listed above, the court recommends that

21  terminating sanctions be imposed against plaintiff.  Plaintiff's repeated and unjustified refusal to

22  participate in a deposition has resulted in substantial and unnecessary delay in this case.

23  Defendant first noticed plaintiff's deposition for June 22, 2009.  Over one year later, plaintiff has

24  yet to be deposed, and discovery remains at a standstill.  Such needless delay inherently

---

[2] Defense counsel's response is contained in her reply to plaintiff's opposition to her
motion to modify the scheduling order.  (Doc. No. 75.)

1   undermines the public's interest in an expeditious resolution of this suit.  Consideration of this

2   factor therefore weighs in favor of dismissing this action due to plaintiff's failure to abide by the

3   court's various orders that he cooperate in the taking of his deposition.

4           Second, consideration of the court's time and resources also weighs in favor of

5   dismissal.  On August 20, 2009, the court unambiguously ordered plaintiff to participate in his

6   scheduled deposition.  (Doc. No. 49.)  Despite the court's explicit order, plaintiff has continued

7   to refuse to attend any and all attempts to take his deposition.  This has resulted in an abundance

8   of litigation, including two motions for terminating sanctions, (Docs. No. 52 & 67,) one request

9   for an interlocutory appeal, (Doc. No. 54,) one motion to modify the scheduling order, (Doc. No.

10  72,) and numerous motions for extensions of time.

11          Third, as the court explained in its order filed February 26, 2010, defendant has a

12  right under Federal Rules of Civil Procedure 30(a) to examine plaintiff by deposition in order to

13  seek information relevant to his defense.  (Doc. No. 62.)  In this regard, plaintiff's persistence in

14  refusing to submit to a deposition thwarts defendant's ability to present an adequate defense.  In

15  addition, defendant has incurred significant costs as a result of his attempts at deposing plaintiff.

16  Thus, the risk of prejudice to defendant also favors the dismissal of this action due to plaintiff's

17  repeated refusal to obey the court's discovery orders.

18          Fourth, the public policy favoring the disposition of cases on the merits generally

19  weighs against the imposition of terminating sanctions.  Here, however, the court finds that this

20  interest would not be advanced if the court allowed plaintiff to proceed with this action despite

21  his repeated refusals to cooperate in the discovery process.  Plaintiff's categorical refusal to

22  attend his deposition impedes the development of a full record in this case.  It is therefore

23  plaintiff's own actions that jeopardize a resolution of this action on the merits.

24          Fifth, the court has plainly and repeatedly warned plaintiff that failure to cooperate

25  in the taking of his scheduled depositions would lead to a recommendation that this action be

26  dismissed.  (Docs. No. 49 & 62.)  Despite the court's direct and stern warnings, plaintiff has

1   remained obstinate.  Short of dismissal, the efficacy of further actions by the court appear to be

2   minimal.  These considerations heavily favor dismissal.

3          Accordingly, upon consideration of all the relevant factors, the court concludes

4   that this case must be dismissed due to plaintiff's refusal to obey the court's orders.  The court

5   will, however, not impose monetary sanctions upon plaintiff due to his in forma pauperis status.

6   See, e.g., Redmond v. San Francisco Police Dep't, No. C 07-04276 CW (PR), 2010 WL 2573978

7   at *4 (N.D. Cal. June 25, 2010) (finding monetary sanctions inappropriate due to plaintiff's in

8   forma pauperis status); Congdon v. Lenke, No. CIV 08-1065 RJB, 2010 WL 489677 at *1 (E.D.

9   Cal. Feb. 5, 2010) (same).

## CONCLUSION

11          For the reasons set forth above, IT IS HEREBY RECOMMENDED that:

12          1.  Defendant's March 16, 2010 renewed request for terminating and monetary

13   sanctions (Doc. No. 67) be granted in part and denied in part as follows:

14                  A.  Defendant's request for terminating sanctions be granted; and

15                  B.  Defendant's request for monetary sanctions be denied.

16          2.  This action be dismissed.

17          These findings and recommendations are submitted to the United States District

18   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-

19   one days after being served with these findings and recommendations, any party may file written

20   objections with the court and serve a copy on all parties.  Such a document should be captioned

21   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

22   shall be served and filed within fourteen days after service of the objections.  The parties are

23   /////

24   /////

25   /////

26   /////

7

1   advised that failure to file objections within the specified time may waive the right to appeal the

2   District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3   DATED: August 12, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:sj
harr1968.57

8